**Ruth ROY et al.**

v.

**RHODE ISLAND DEPARTMENT OF HUMAN SERVICES et al.**

No. 92–661–Appeal.

Supreme Court of Rhode Island.

May 18, 1993.

Gretchen Bath, Rhode Island Legal Services, Providence, for plaintiff.

Jeffrey Pine, Atty. Gen., Jacqueline Kelly, Sp. Asst. Atty. Gen., for defendant.

OPINION

SHEA, Justice.

This matter was before the Supreme Court on appeal by the defendant, the Rhode Island Department of Human Services (DHS or the department), from a judgment of the Superior Court that enjoined enforcement of an emergency rule promulgated by the department. The judgment ordered that all persons whose benefits had been terminated under the emergency rule were to be given "notice relief," and it ordered the restoration of lost benefits.

The department is an agency within the executive branch of State government, G.L. 1956 (1988 Reenactment) chapter 12 of title 42. Under its statutory mandate DHS is responsible for the management, supervision, and control of various social-service programs. Among those functions vested within DHS are the supervision and management of various forms of state and federally funded public financial-assistance programs. Section 42–12–4. Such programs include the General Public Assistance program (GPA), which is the subject of this litigation. Unlike other various financial-assistance programs, the GPA program is a 100–percent state-funded program. It is the purpose of the program to provide general public assistance to any resident of the State of Rhode Island who is eligible, pursuant to applicable statutes and in accordance with rules and regulations promulgated by DHS, and who is in need. G.L.1956 (1990 Reenactment) § 40–6–3, as amended by P.L.1992, ch. 133, art. 46, § 1. The plaintiffs are indigent women who for many years received state GPA benefits as "essential persons," persons who are required to stay at home to provide care for severely disabled family members.

The department abruptly terminated their benefits in August 1992 after promulgating an emergency rule eliminating "the essential person category" from the GPA program. The plaintiffs filed suit, seeking a declaratory judgment in regard to the validity of the emergency rule pursuant to G.L.1956 (1988 Reenactment) § 42–35–7 of the Administrative Procedures Act (APA).

After a hearing in the Superior Court, the trial justice entered a final judgment and order on December 14, 1992. The judge declared the emergency rule invalid on two bases under the APA. First he ruled that DHS had no basis for proceeding with the emergency rule making and thus had adopted the emergency rule in violation of § 42–35–3(a) by failing to provide advance notice and opportunity for comment. The second basis was that even if DHS had the authority to proceed with emergency rule making, it failed to make the filing and statement required by § 42–35–3(b).

The trial justice enjoined enforcement of the emergency rule, "unless and until DHS promulgated a rule in accordance with G.L. 1956 (1988 Reenactment) § 42–35–3(a)." The trial justice ordered that all persons whose benefits had been terminated under the rule be given "notice relief," and he ordered the restoration of lost benefits.

At the request of DHS the trial justice granted a temporary stay entered on January 25, 1992, to allow DHS to seek relief in this court. This court denied the DHS request for a stay on January 22, 1993. Meanwhile DHS had initiated a "notice and comment" process, thereby providing the public with notice and an opportunity for comment and a public hearing as was ordered by the Superior Court.

On December 31, 1992, shortly before the motion for stay was considered in this court, DHS filed a final rule in accordance with the requirements of § 42–35–3(a), eliminating the essential-persons category. That rule has been in effect since January 22, 1993, and plaintiffs do not challenge its validity.

At oral argument plaintiffs conceded that DHS has complied with all other provisions of the Superior Court order in that they have been issued the required notice and have received their retroactive benefits and other essential persons have received the relief to which the Superior Court order under review entitled them.

Although the defendants argue that this court should consider this appeal and address the department's emergency-rule-making authority under the APA, it is clear that the issues have become moot. At this juncture the court could not provide either party with any practical relief.

For these reasons the defendant department's appeal is denied and dismissed, pro forma, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.